IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LEON BRANDON                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:16-cv-00141-GHD-DAS

SHELTER MUTUAL INSURANCE
COMPANY and BILL E. MORGAN                                                 DEFENDANTS

<u>ORDER DENYING DEFENDANT SHELTER MUTUAL INSURANCE COMPANY'S
MOTION FOR RECONSIDERATION</u>

Presently before the Court is a motion for reconsideration [36] of the Court's Order [34] and memorandum opinion [35] remanding the case to state court filed by Defendant Shelter Mutual Insurance Company ("Shelter"). Plaintiff has filed a response in opposition to the motion. Shelter has not filed a reply, and the time for doing so how now passed. The matter is ripe for review. Upon due consideration of all of the foregoing, the Court is of the opinion that the motion for reconsideration is not well taken.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within 28 days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of

1

"rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The Fifth Circuit has held that

> a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

*Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (internal citation omitted).

In the Rule 59 motion, Shelter requests that the Court reconsider its Order and memorandum opinion, find that Plaintiff fraudulently joined Defendant Bill E. Morgan ("Morgan") to defeat diversity jurisdiction, and retain jurisdiction over the case *sub judice*. Shelter argues that Morgan cannot be liable for breach of contract or the breach of the duty of good faith and fair dealing under Mississippi law. Shelter further argues that Morgan owed no duty to Plaintiff to pay the claim at issue or to handle Plaintiff's claim and that any alleged breach by Morgan did not cause Plaintiff to suffer harm. Finally, Shelter argues that Plaintiff has failed to state a claim for gross negligence. Shelter raised these arguments in its response to the motion for remand before the Court. As such, the Court addressed these arguments in its ruling. Nonetheless, the Court has with due consideration reviewed its ruling and is of the opinion that the Court's Order [34] and memorandum opinion [35] remanding the case to state court should stand.

THEREFORE, the Court ORDERS that Defendant Shelter Mutual Insurance Company's motion for reconsideration [36] pursuant to Rule 59 of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED, this, the 3rd day of May, 2017.

/s/ Ale H. Danielson
SENIOR U.S. DISTRICT JUDGE